T.C. Summary Opinion 2016-69

UNITED STATES TAX COURT

JOSEPH L. JACKSON AND SYLVIA A. JACKSON, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2034-15S.                                  Filed October 24, 2016.

Joseph L. Jackson and Sylvia A. Jackson, pro sese.

<u>Anne M. Craig</u> and <u>Lauren B. Epstein</u>, for respondent.

SUMMARY OPINION

GUY, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions

of section 7463 of the Internal Revenue Code in effect when the petition was

filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by

_____

[1]Unless otherwise indicated, all section references are to the Internal

(continued...)

any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $4,050 in petitioners' Federal income tax for 2012. Petitioners, husband and wife, filed a timely petition for redetermination with the Court pursuant to section 6213(a). At the time the petition was filed, petitioners resided in Florida.

After concessions,[2] the issue remaining for decision is whether Mr. Jackson received taxable nonemployee compensation of $4,815 in 2012.

Background

Some of the facts have been stipulated and are so found. The stipulation of facts, the first supplemental stipulation of facts, and the accompanying exhibits are incorporated herein by this reference.

In 2012 Mr. Jackson was the pastor, a director, and the registered agent for Triumph Church of God (church). Mrs. Jackson was also a church director. The

---

[1](...continued)
Revenue Code (Code), as amended and in effect for 2012, and all Rule references are to the Tax Court Rules of Practice and Procedure. Monetary amounts are rounded to the nearest dollar.

[2]The parties agree that Mrs. Jackson failed to report wages of $16,527 that she earned in 2012 and that she had Federal income tax withholding of $1,294. Other adjustments are computational and will be resolved in the parties' computations under Rule 155.

church had approximately 25 to 30 active members and as many as seven ministers and offered services three days each week. Mr. Jackson had informed the church's board of directors that he did not want to be paid a salary for his pastoral services but that he would not be opposed to receiving "love offerings", gifts, or loans from the church.[3]

Petitioners managed the church's checking account, and it appears that they jointly signed all of the church's checks. Petitioners signed numerous checks in 2012, made payable to Mr. Jackson, with handwritten notations such as "Love Offering" or "Love Gift" on the memo line.[4]

Kathy Simmons had been the church's bookkeeper from 1993 to 2015. In 2012 she prepared and sent to Mr. Jackson a Form 1099-MISC, Miscellaneous Income, reporting that he had received nonemployee compensation of $4,815 from the church. When Ms. Simmons left the church in late 2015, petitioners' daughter, Renece Jackson Griggs, replaced Ms. Simmons as the church's bookkeeper.

---

[3]For a discussion of the meaning of the term "love offering", see Michael P. Mosher & Ryan K. Oberly, "A Gift Not So Simple--Current Tax Issues Associated With 'Love Offerings'", 24 Tax'n of Exempts 28 (July/Aug. 2012). For present purposes, we understand that petitioners consider the term to be synonymous with "nontaxable gift".

[4]The record reflects that the church transferred "love offerings" to other members of the church, including Mrs. Jackson.

Petitioners filed a joint Federal income tax return for 2012, claiming a deduction for a charitable contribution of $6,478 to the church.[5] They did not, however, include as an item of income the $4,815 of nonemployee compensation reported on Form 1099-MISC. Although petitioners do not dispute that Mr. Jackson received $4,815 from the church, they assert that the amounts transferred to him were improperly reported as nonemployee compensation. Mr. Jackson testified that he contacted Ms. Simmons and requested that she retract the Form 1099-MISC or issue a corrected one, but the process was never completed. Ms. Simmons was not called as a witness. Petitioners contend that the amounts that they received from the church represent nontaxable "love offerings", gifts, or loans.[6]

---

[5]Respondent does not challenge this deduction.

[6]Renece Jackson Griggs, petitioners' daughter, testified that some of the amounts that the church transferred to Mr. Jackson were loans that he could repay at his discretion. Although the Court left the record open for a short period of time after trial to allow petitioners to produce additional documents and records in support of their case, petitioners offered no objective evidence, such as bank records or a promissory note, showing that the church made any loans to Mr. Jackson. Under the circumstances, we consider petitioners to have abandoned this argument.

## Discussion

The Commissioner's determination of a taxpayer's liability in a notice of deficiency normally is presumed correct, and the taxpayer bears the burden of proving that the determination is incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioners do not contend and the record does not establish that the burden of proof shifts to respondent under section 7491(a) as to any issue of fact. Moreover, respondent satisfied the provisions of section 6201(d) by presenting reasonable and probative information as to the character of the income in question in addition to the Form 1099-MISC.

The parties stipulated that Mr. Jackson received $4,815 from the church and that the church (through Ms. Simmons) characterized that amount as nonemployee compensation for tax purposes. Thus, petitioners must show the nontaxable character of the payment. See Tokarski v. Commissioner, 87 T.C. 74, 76-77 (1986) (holding that the taxpayer had the burden of proof to show the nontaxable nature of a payment where the taxpayer indisputably received the income in issue); Chai v. Commissioner, T.C. Memo. 2015-42.

Congress has defined "gross income" broadly in the Code. Section 61(a)(1) provides the general rule that, except as otherwise provided in subtitle A of the Code, gross income means all income from whatever source derived, including

compensation for services. See Commissioner v. Duberstein, 363 U.S. 278 (1960); Old Colony Tr. Co. v. Commissioner, 279 U.S. 716 (1929).

Section 102 provides that gross income does not include amounts acquired by gift. Whether a payment is a gift under section 102(a) or gross income under section 61(a) is a factual question.[7] See Banks v. Commissioner, T.C. Memo. 1991-641.

In Commissioner v. Duberstein, 363 U.S. at 284-285, the Supreme Court stated that the problem of distinguishing gifts from taxable income "does not lend itself to any more definitive statement that would produce a talisman for the solution of concrete cases." The Supreme Court concluded that, in cases such as this one, the transferor's intention is the most critical consideration, and there must be an objective inquiry into the transferor's intent. Id. at 285-286. In other words, rather than relying on a taxpayer's subjective characterization of the transfers, a court must focus on the objective facts and circumstances. Id. at 286.

The record shows that the transfers were made to compensate Mr. Jackson for his services as pastor. See Banks v. Commissioner, T.C. Memo. 1991-641. As

---

[7]We note that sec. 102(c) provides the general rule that subsec. (a) "shall not exclude from gross income any amount transferred by or for an employer to, or for the benefit of, an employee." Respondent does not contend, however, that Mr. Jackson was an employee of the church.

Mr. Jackson candidly explained at trial, he had informed the board of directors that he would accept "love offerings" and gifts as substitutes for a salary. Ms. Simmons, the church's bookkeeper at the time, considered the payments to be compensation as is reflected in the Form 1099-MISC that she issued to Mr. Jackson. In the light of these facts, petitioners' subjective characterization of the transfers as nontaxable "love offerings" and "love gifts" is misguided.

Petitioners did not offer the testimony of any members of the congregation (including the other directors) or Ms. Simmons that would allow the Court to conclude that the transfers were anything other than compensation for services. The frequency of the transfers and the fact that they purport to have been made on behalf of the entire congregation is further objective evidence that the transfers represented a form of compensation. See Goodwin v. United States, 67 F.3d 149, 152-153 (8th Cir. 1995) (holding that substantial, ongoing cash payments collected from church congregation and transferred to pastor as "special occasion gifts" constitute taxable income).

In conclusion, we hold that the amounts that Mr. Jackson received from the church in 2012 represented compensation for services and, thus, constituted taxable income to him under section 61(a)(1).

To reflect the foregoing,

Decision will be entered

under Rule 155.
